IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CECILIA PERALTA, individually and on behalf of all others similarly situated<br>*Plaintiff*<br><br>v.<br><br>SMB STAFFING LLC<br>*Defendant* | § § § § § § § § § | FLSA Collective Action Pursuant to<br>29 U.S.C. § 216(b)<br><br><br><br><br><br>Civil Action No. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Cecilia Peralta, on behalf of herself and all others similarly situated ("Plaintiff" and "Class Member," respectively herein) bring this Fair Labor Standards Act ("FLSA") suit against SMB Staffing LLC (collectively referred to as "Defendant"). Plaintiff brings this suit to recover unpaid overtime wages. Plaintiff shows as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue is proper in the Northern District of Texas because a substantial portion of the events forming the basis of the suit occurred in this District.

3. Defendant has sufficient minimum contacts with this forum such that the Court has personal jurisdiction over the Defendant.

### II. THE PARTIES

4. Plaintiff Cecilia Peralta is a resident of Texas and resides in this judicial district. Her written consent to this action is attached as Exhibit A.

5. The "Class Members" are all current and former employees who worked for SMB Staffing in and around the Dallas-Fort Worth Metroplex, at any time three years before the filing

of this lawsuit or later.

6. Defendant SMB Staffing LLC ("SMB Staffing") is a limited liability company formed and licensed to do business in the State of Texas. Defendant SMB Staffing may be served with process through its registered agent, Suanka Arroyo, at 7411 Lake Whitney Dr., Arlington, TX 76002, or wherever she may be found.

### III. COVERAGE

7. During all of the relevant time period, SMB Staffing has been an employer or joint employer of Plaintiff and Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. During all of the relevant time period, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to the Plaintiff and Class Members.

9. During all of the relevant time period, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1). Further, during all of the relevant time period, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

### IV. FACTUAL ALLEGATIONS

10. Defendant operates a staffing agency.

11. For purposes of this action, the "relevant time period" is defined as the period commencing three years and one week prior to the date this lawsuit was filed, and continuing thereafter.

12. During the relevant time period, Defendant assigned Plaintiff and Class Members to work at jobsites in and around the Dallas-Fort Worth Metroplex.

13. During the relevant time period, Defendant assigned Plaintiff and Class Members to perform catering work, including kitchen prep work, cooking and baking desserts, and serving as event waiters.

14. Plaintiff and Class Members regularly worked 40 or more hours per week, but Defendant paid them only their regular, straight-time rates for their overtime hours instead of one-and-one-half times their regular rates of pay.

15. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff and Class Members their required overtime compensation.

## V. COLLECTIVE ACTION ALLEGATIONS

16. The Class Members are similarly situated to the named Plaintiff in that their relevant job duties were the same as or similar to Plaintiff, and they were subject to the same illegal pay policies or practices that are the basis for this action.

17. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Thus, the Plaintiff's experience is typical of the experience of the Class Members.

18. The specific job titles or precise job requirements of the various Class Members do

not prevent collective treatment. All Class Members, regardless of their precise job requirements or rates of pay, are entitled overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts relating to liability. The essential questions of law and fact are common to Plaintiff and the Class Members.

19. As a collective action, Plaintiff seeks this Court's appointment and/or designation as representatives of a group of similarly situated individuals.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that they and all those who consent to be opt-in plaintiffs in this collective action recover from Defendant, the following:

A. An award of all unpaid overtime compensation;

B. An equal amount as liquidated damages under the FLSA;

C. Reasonable attorney's fees, costs, and expenses of this action;

D. Post-judgment interest; and

E. Such other relief to which they may be entitled.

Respectfully submitted,

/s/ *Hannah Alexander*

Hannah Alexander
Texas Bar No. 24099310
Equal Justice Center
1250 W. Mockingbird Ln., Ste. 455
Dallas, Texas 75247
Tel: (469) 228-4238
Fax: (469) 629-5045
Email: halexander@equaljusticecenter.org
Attorney for Plaintiff